# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

EDWARD POOLSON, JR.                          CIVIL ACTION

VERSUS                                       NO: 09-7105

MALLEY REPAIRS, INC., ET AL.                 SECTION: "S" (4)

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Holcim (US) Inc.'s Motion *In Limine* to Exclude Testimony of Plaintiff's Expert Robert L. Payne (Doc. #56) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion *In Limine* to Exclude Testimony of Holcim's Expert Norman Joseph Dufour, Jr. (Doc. #66) is **DENIED**.

**IT IS FURTHER ORDERED** that Holcim's Motion for Summary Judgment (Doc. #55) is **GRANTED**, and plaintiff's claims against it are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Holcim is supplier of cement and related products. It operates a distribution terminal on France Road in New Orleans, Louisiana where bulk cement is received from railcars and barges and transferred to silos for loading onto trucks for shipment. Holcim uses a stationary floating barge, known as the Docksider transfer facility (the "Docksider"), to receive the cement. The Docksider is moored adjacent to Holcim's France Road facility in the Inner Harbor Navigational Canal, and contains the equipment necessary for the transfer, such as an air compressor, vacuum pump, tanks, cranes, and piping.

The Docksider was constructed as a deck barge in 1972. In 1999 Holcim converted it into a stationary floating transfer facility. The Docksider is integrated into Holcim's France Road facility, and receives electricity from a generator on the shore. It is held in place by two welded I-beam brackets that are collared around 48" diameter steel mooring piles. It can move vertically on its moorings with the motion of the tides and waves, and due to the weight of the cement. The Docksider is not used to move materials or people along the water, but has been moved for maintenance.

On October 7, 2007, plaintiff, Edward Poolson, Jr., injured his left arm while working on the Docksider transfer facility. He filed this suit against Holcim alleging claims under the Jones Act, 46 U.S.C. § 30104, the Longshoreman and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 905(b), and the general maritime law. Plaintiff alleges that the Docksider is a vessel, and that he is a Jones Act seaman. He also alleges a claim for unseaworthiness under the general maritime law. In the alternative, he alleges a claim against Holcim as the vessel owner under § 905(b) of the LHWCA, which permits a longshoreman to sue his employer for negligence of the vessel.

## ANALYSIS

### A.     Holcim's and Plaintiff's Motions *In Limine* (Docs. #56, 66)

Holcim filed a motion *in limine* seeking to exclude plaintiff's marine expert, Robert L. Payne, and plaintiff filed a motion *in limine* seeking to exclude Holcim's marine expert, Norman Joseph Dufour, Jr. Both Payne and Dufour offer opinions that are relevant to the issue of whether the Docksider is a "vessel."

A district court has discretion to admit or exclude expert testimony under the Federal Rules of Evidence. Gen. Elec. Co. v. Joiner, 118 S.Ct. 512, 515 (1997). Rule 702 of the Federal Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles and methods, and 3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert v. Merrell Dow Pharmaceuticals, 113 S.Ct. 2786, 2795 (1993), the Supreme Court of the United States held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." To perform its gatekeeping function, the court must first determine whether the proffered expert testimony is reliable. The party offering the testimony bares the burden of establishing its reliability by a preponderance of the evidence. See Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998). The reliability inquiry requires the court to assess whether the reasoning or methodology underlying the expert's testimony is valid. See Daubert, 113 S.Ct. at 2796. The goal is to exclude expert testimony that is based merely on subjective belief or unsupported speculation. See id. at 2795. Next, the court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will assist the trier of fact to understand the evidence, i.e. whether it is relevant. See id. at 2795-96.

Rule 702 also requires that an expert be properly qualified.  Generally, if there is some reasonable indication of qualifications, the court may admit the expert's testimony, and then the expert's qualifications become an issue for the trier of fact. <u>Rushing v. Kansas City S. Ry. Co.</u>, 185 F.3d 496 (5th Cir. 1999).  A witness qualified as an expert is not strictly confined to his area or practice, but may testify regarding related applications, rather "a lack of specialization does not affect the admissibility of the opinion, but only its weight." <u>Wright v. John Deere Co.</u>, 935 F.2d 1090, 1100 (10th Cir. 1991).

Neither Holcim nor plaintiff argues that the other's expert is not qualified.  Instead, they argue that the opinions are unnecessary or irrelevant.

Holcim argues that Payne should not be permitted to testify because his opinion that the Docksider is a watercraft because it floats is within the common knowledge of the fact finder.  Holcim also argues that Payne's testimony should be excluded because he does not offer any opinions regarding the Docksider's capability of transporting people and materials over water.

Plaintiff argues that Dufour should be excluded because expert opinions are not necessary for the fact finder to understand the evidence relevant to the Docksider's vessel status.  Also, plaintiff argues that Dufour's opinions are unreliable because, when Dufour inspected the Docksider in 2011, its moorings were different than they were at the time of the accident in 2007.

Payne's and Dufour's opinions regarding the Docksider's vessel status, based on their experience and review of the evidence, are reliable and relevant.  Their opinions will assist the trier of fact in understanding the facts relevant to the Docksider's vessel status, which are not necessarily within the typical fact-finder's common knowledge.  Holcim's and plaintiff's concerns regarding

4

the weight that should be afforded to the opposing expert's testimony can be addressed by cross-examination.  Therefore, both Holcim's and plaintiff's motions *in limine* are DENIED.

**B.     Holcim's Motion for Summary Judgment (Doc. #55)**

Holcim filed a motion for summary judgment arguing that plaintiff's Jones Act and § 905(b) LHWCA claims must be dismissed because the Docksider is not a vessel under those statutes. Holcim also argues that plaintiff's general maritime law claim for unseaworthiness must also be dismissed because his exclusive remedy is workers' compensation under the LHWCA.

**1.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

## 2.    Vessel Status

Plaintiff's ability to recover under either the Jones Act or the LHWCA depends upon whether the Docksider is a "vessel."   Because "vessel" is not defined in the Jones Act or the LHWCA,  courts have relied upon 1 U.S.C. § 3, where a "vessel" is defined to include "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." See Stewart v. Dutra Construction Co., 125 S.Ct. 1118 (2005).

In Stewart v. Dutra Construction Co., 125 S.Ct. 1118, 1129 (2005), the Supreme Court of the United States, relying on § 3,  held that a "vessel" "is any watercraft practically capable of maritime transportation, regardless of its primary purpose or state of transit at a particular moment." The Court explained that "[t]he question remains in all cases whether the watercraft's use as a means of transportation on water is a practical possibility or merely a theoretical one." Id. (quotations ommitted).  Specifically, if a watercraft is "taken out of service, permanently anchored, or otherwise rendered practically incapable of maritime transport" it is not a "vessel." Id.

 In Holmes v. Atlantic Sounding, Co., Inc., 437 F.3d 441 ,448 (5th Cir. 2006), the Untied States Court of Appeals for the Fifth Circuit recognized that the Supreme Court's analysis in Stewart of the term "vessel" applies equally to both the Jones Act and the LHWCA.  If there is no dispute over relevant facts, the court can determine whether a watercraft is a "vessel." Id. at 445; see also Stewart, 125 S.Ct. at 496.

In this case, the Docksider is not a "vessel" under the Jones Act or LHWCA.  Although the Docksider can physically be used for transportation on water, such a use is theoretical.  The Docksider was taken out of navigation in 1999, when it was permanently moored in the IHNC

adjacent to Holcim's France Road facility by two welded I-beam brackets that are collared around 48" diameter steel mooring piles. Although it has been moved for maintenance, it has not been used as a seagoing vessel, and Holcim does not intend to use it as such. Further, the Docksider receives electricity from a land-based source, and is an integral part of Holcim's land-based cement transfer operation. Holcim intends to use the Docksider indefinitely as a moored floating transfer facility. Troy Cooper, the terminal manager at Holcim's France Road facility, declared in his affidavit that moving "the Docksider from its secured position is expensive, time-consuming and labor and equipment intensive." Also, Cooper testified in his deposition that moving the Docksider is a complex operation that requires cutting torches, forklifts, and cranes, and take s a crew of six to eight men a full workday to accomplish. Additionally, Dufour declared in his affidavit that moving the Docksider would require multiple steps, such as disconnecting power lines and cement transfer equipment in addition to cutting the welded I-beam brackets. These facts demonstrate the impracticability of using the Docksider as a means of marine transport. Therefore, the Docksider is not a vessel under the Jones Act or LHWCA, and Holcim is entitled to summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that Holcim (US) Inc.'s Motion *In Limine* to Exclude Testimony of Plaintiff's Expert Robert L. Payne (Doc. #56) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion *In Limine* to Exclude Testimony of Holcim's Expert Norman Joseph Dufour, Jr. (Doc. #66) is **DENIED**.

**IT IS FURTHER ORDERED** that Holcim's Motion for Summary Judgment (Doc. #55) is **GRANTED**, and plaintiff's claims against it are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this _29th_ day of November, 2011.


                          _____
                             MARY ANN VIAL LEMMON
                          UNITED STATES DISTRICT JUDGE